

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 25, 1991

Honorable Ronald Earle
Travis County District Attorney
P. O. Box 1748
Austin, Texas 78767

Opinion No. DM-9

Re: Whether an individual whose juvenile files may not be sealed by virtue of section 51.16(j) of the Family Code has an affirmative duty to disclose his prior criminal history in an application for employment, information, or licensing (RQ-2188)

Dear Mr. Earle:

You have requested our opinion regarding whether an individual whose juvenile files may not be sealed has an affirmative duty to disclose his prior criminal history in an application for employment, information, or licensing.

Section 51.16 of the Family Code provides for the sealing of the files and records of persons who are "found to have engaged in delinquent conduct or conduct in need of supervision." Subsection (a) describes the procedure by which an individual may apply to a court for an order sealing his juvenile records, or by which the court may do so on its own motion. Subsection (h) then declares:

> A person whose files and records have been sealed under this Act is not required in any proceeding or in any application for employment, information, or licensing to state that he has been the subject of a proceeding under this Act; and any statement that he has never been found to be a delinquent child shall never be held against the person in any criminal or civil proceeding.

In 1987, the legislature added subsection (j) to section 51.16. That provision reads:

A court may not order under this section the sealing or destruction of files and records concerning an adjudication of delinquency based on the violation of a penal law of the grade of felony.

You ask whether subsection (j) prevents an individual who was adjudicated delinquent on the basis of a felony charge from claiming the benefit afforded by subsection (h). You do not raise any question about files sealed before the effective date of subsection (j).

A person may not claim the benefit of subsection (h) unless his "files and records have been sealed under this Act." Since subsection (j) clearly prohibits a court from ordering the sealing of any juvenile record "concerning an adjudication of delinquency based on the violation of a penal law of the grade of felony," it follows that subsection (h) has no application to such records. Thus, such person may not benefit from the provision of subsection (h) of section 51.16 of the Family Code that certain juvenile offenders are not required to state that they have "been the subject of a proceeding" under title 3 of the Family Code.

## SUMMARY

A person who has been adjudicated delinquent on the basis of the violation of a penal law of the grade of felony and whose records may not be sealed pursuant to section 51.16(h) of the Family Code is not entitled to state on an application for employment, information, or licensing that he has not been the subject of a proceeding under title 3 of the Family Code.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

SUSAN GARRISON
Acting Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General